## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |  |
|---|---|---|
| Dimair Jones, | ) | |
|     Plaintiff,[1] | ) | |
|  | ) | |
| v. | ) | 1:20cv344 (TSE/MSN) |
|  | ) | |
| Ms. Barton, et al., | ) | |
|     Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

On May 26, 2020, pursuant to Rule 42 of the Federal Rules of Civil Procedure, the Court

consolidated the present civil action (Jones I) with a related civil action filed by Dimair Jones

("Plaintiff"), Jones v. Ms. Barton, et al., 1:20cv344 (Jones II). Plaintiff, a Virginia inmate

proceeding pro se, filed two civil-rights suit under 42 U.S.C. § 1983, each claiming that he had

been denied adequate dental care, in violation of his Eighth Amendment rights, while confined at

the Hampton Roads Regional Jail ("HRRJ"). In Jones I, Plaintiff named a "Jane Doe, Dentist"

and Mrs. Watson as defendants, and in Jones II Plaintiff named three defendants: "Unknown,"

Mrs. Watson, and Mrs. Barton. After the cases were consolidated, the Court screened the

complaint, found it failed to state a claim against any of the defendants, and Plaintiff was

allowed leave to file an amended complaint. [Dkt. No. 7].

On September 4, 2020, Plaintiff filed an amended complaint and named only one

defendant, Mrs. C. Watson and the prior defendants were terminated as parties. [Dkt. No. 9]. The

Court then granted Plaintiff's application to proceed in forma pauperis, and a Notice of Lawsuit

and Request for Waiver of Service of Summons was sent to Defendant Watson. [Dkt. Nos. 10,

---

[1] The plaintiff's first name is misspelled on the docket sheet. The Clerk will be directed to amend the docket sheet to reflect that his first name is "Dimair."

11]. Defendant Watson did not respond, and a summons was issued on January 22, 2021. [Dkt.

No. 15]. The summons was executed on June 15, 2021, and Watson filed a motion to dismiss on

July 26, 2021, with a supporting brief and an affidavit and documents. [Dkt. Nos. 16, 20-21].

Plaintiff has been afforded the opportunity to file responsive materials pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 22], but he has not responded.[2] Accordingly,

this matter is now ripe for disposition. For the reasons that follow, the defendant's motion shall

be granted.

   Defendant Watson's motion to dismiss is supported by an affidavit and documents, and

will therefore be treated as a motion for summary judgment. Johnson v. RAC Corp., 491 F.2d

510, 513 (4th Cir. 1974) (when a motion to dismiss founded on matters outside the pleadings, the

court is obligated "to treat the motion to dismiss as one for summary judgment and to dispose of

it as provided in Rule 56.") (citation omitted). As noted, Plaintiff has been advised of his right to

submit affidavits or averments challenging the defendant's evidence pursuant to Roseboro and he

has not responded.

   Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). Defendant, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56, have set

forth a statement of material facts and Plaintiff has not complied with his obligations under those

Rules, or submitted any affidavits or a verified complaint or statement disputing the defendant's

statement of material facts.[3] Accordingly, the following statement of uncontested facts is derived

---

[2] Plaintiff was released from custody on or about January 4, 2021. [Dkt. No. 13].

[3] The record of admissible evidence includes defendant's affidavits and exhibits. [Dkt. No. 21-1, 21-2]. The complaint and the amended complaint were not verified. [Dkt. Nos. 1 and 9]. Also, Plaintiff has not responded to the motion for summary judgment.

from a review of defendants' statement of material facts and admissions in the plaintiff's amended complaint.

## I. Undisputed Facts

1. Plaintiff was in the custody of the HRRJ in December 2019.

2. On December 2, 2019, Plaintiff noted a "sharp, throbbing pain in his lower left jaw." [Dkt. No. 9 at 4].

3. A nurse at HRRJ examined Plaintiff on December 5, 2019, gave him Tylenol, and told him to submit "a medical slip." [Dkt. No. 9 at 4]. The nurse did not observe any visual evidence of decay, missing fillings, swelling, redness, or pus around the tooth; and did not note any pain when Plaintiff opened his mouth widely, evidence of trauma to the jaw, facial swelling, drooling, stridor,[4] or a muffled voice. [Dkt. No. 21-1 at 1]. The nurse classified Plaintiff's complaint as "nonemergent/not urgent/routine," told Plaintiff he would be referred to a dentist, and ordered Tylenol for his pain. [Id. at 1-2].

4. A "routine" referral to the dentist was also made on December 5, 2019 after the nurse examined the Plaintiff's tooth. [Dkt. No. 21-2 at 7].

5. On December 7, 2019, Plaintiff was examined by a dentist at HRRJ. [Id. at 8-11]. The dentist determined Plaintiff had a history of poor oral hygiene, and noted that "Decay [was] present ... [at] #13-D," and that Plaintiff needed an x-ray. The dentist noted localized "gingival bleeding," but "no sign of infection." [Id. at 10].

6. Plaintiff was next seen by HRRJ medical personnel on December 8, 2019. Plaintiff complained of chest pains and was seen by Defendant Watson. Defendant Watson conducted two

---

[4] "Stridor is an abnormal, high-pitched, musical breathing sound. It is caused by a blockage in the throat or voice box (larynx). It is most often heard when taking in a breath." See https://medlineplus.gov/ency/article/003074.htm (last viewed Sept. 8, 2021).

EKGs, which identified "one arterial flutter with block." [Dkt. No. 21-1 at 2]. After the EKGs had been completed, Plaintiff complained about mouth pain and stated he had missed his morning medication. Defendant Watson gave him the medication he had missed. [Dkt. No. 21-2 at 19].

8. Later on December 8, 2019, Plaintiff suffered a syncopal episode (fainting), and Defendant Watson sent him to the emergency room. [Id. at 21].

9. At the hospital emergency room, Plaintiff was treated for acute "chest pain, unspecified" and his tooth was treated for an acute "periapical abscess without sinus." [Id. at 8].[5] Plaintiff was discharged from the emergency room on or about 2:05 a.m. on December 9, 2019. [Id. at 22].

10. Plaintiff's tooth was pulled the following day. [Dkt. No. 9 at 5].

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate, i.e., that no genuine issues of material fact are present for resolution. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The facts which a moving party bears the burden of proving are those which are material: materiality is dictated by "the substantive law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

---

[5] A periapical abscess "is a collection of pus at the root of a tooth, usually caused by an infection that has spread from a tooth to the surrounding tissues." See Merck Manual, https://www.merckmanuals.com/home/mouth-and-dental-disorders/tooth-disorders/periapical-abscess (last viewed Sept. 8, 2021).

4

Once a moving party has met its burden of proof, the non-moving party must produce specific facts to generate a disputed issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court will view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Nevertheless, "[o]nly disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

The non-moving party may not defeat a properly supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). This applies even where the non-moving party is a pro se prisoner. Campbell-El v. Dist. of Columbia, 874 F. Supp. 403, 406-07 (D.C. 1994); see also Local Civil Rule 7(K)(3) (to defeat a dispositive motion, a pro se party "must identify all facts stated by the moving party with which the pro se party disagrees and must set forth the pro se party's version of the facts by offering affidavits ... or by filing sworn statements. Unsupported speculation is not enough to withstand a motion for summary judgment. See Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986). Similarly, "[t]he mere existence of some alleged factual dispute" cannot defeat a motion for summary judgment; the dispute must be both "material" and "genuine," meaning that it "might affect the outcome of the suit under the governing law." Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001) (emphasis omitted).

### III. Analysis

An Eighth Amendment claim for denial of medical care must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble,

429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995).

Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be

granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814

F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is

sufficiently serious); Loe v. Armistead, 582 F.2d 1291, 1296 (4th Cir. 1978) (concluding that the

"excruciating pain" of an untreated broken arm is sufficiently serious). A serious medical need is

one that poses a substantial risk of serious injury to an inmate's health and safety. Young v. City

of Mt. Ranier, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference

to that serious medical need.

Under this second prong, an assertion of mere negligence or even malpractice is not

enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate

indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v.

Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A

prisoner's disagreement with medical personnel over the course of his treatment does not make

out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer,

528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D.

Va. 1990). The treatment an inmate receives from a health care provider constitutes deliberate

indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the

conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. A defendant

must act with either actual intent or reckless disregard, meaning that the defendant disregarded

"a substantial risk of danger that is either known to the defendant or which would be apparent to

a reasonable person in the defendant's position." Id. at 851-52.

For the purpose of this motion, the Court will assume that Plaintiff had a serious medical need when he saw Defendant Watson on December 8, 2019.[6] The factual record, however, does not support that Defendant Watson knowingly, intentionally, or recklessly disregarded or denied his medical needs. Here, Plaintiff was seen by HRRJ medical personnel on December 5, 2019 about his tooth. The nurse did not observe any infection, prescribed pain medication, and generated a referral to the dentist. On December 7, 2019, the dentist examined Plaintiff, noted an x-ray was needed but did not see any sign of infection. The following day, Plaintiff missed his pain medication and he saw Defendant Watson about chest pains. Defendant Watson administered two EKGs, and identified "one arterial flutter with block." [Dkt. No. 21-1 at 2]. When Plaintiff indicated to Watson that he had missed his dose of his pain medication that morning, Defendant Watson provided him with the missed dose of the pain medication. Later that day, Plaintiff had a fainting episode and Defendant Watson sent him to the emergency room. The medical personnel treated Plaintiff for chest pains as well as his tooth, which Plaintiff admits was pulled the following day. In sum, during a four-day period, Plaintiff was seen twice by a nurse, provided pain medication, seen by the dentist, received treatment in an emergency room, and had his tooth pulled. The defendant was not deliberately indifferent and her motion for summary judgment will be granted.

Accordingly, it is hereby

ORDERED that the defendant's motion for summary judgment [Dkt. No. 20] is GRANTED; and it is further

---

[6] Plaintiff complained of pain on December 8, 2019 because he had missed his morning medication. The record does not establish any other symptoms such as bleeding, swelling, or infection. See Holden v. Hirner, 663 F.3d 336, 342-43 (8th Cir. 2011) (explaining that tooth pain is not sufficient to establish a serious medical need unless it is accompanied by (1) "outward signs of injury, such as bleeding and swelling" or (2) evidence that a delay in treatment would negatively impact the prisoner's prognosis) (citation omitted). Indeed, Plaintiff was just seen by a dentist the day before Defendant Watson saw him and the dentist did not observe any signs of infection.

ORDERED that the Clerk amend the docket to correct the spelling of Plaintiff's first name from "Dimar" to "Dimair."

This is a final Order for the purposes of appeal. To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of defendant Watson; to send a copy of this Memorandum Opinion and Order to plaintiff pro se and to counsel of record for defendant; and to close this civil action.

Entered this ___8th___ day of _____September_____ 2021.

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

8